Kevin C. Barrett, State Bar No. 020104
Jennifer M. Bahling, State Bar No. 013260
**BARRETT & MATURA, P.C.**
8925 E. Pima Center Parkway, Suite 100
Scottsdale, Arizona 85258
Telephone: (602) 792-5705
Facsimile: (602) 792-5711
Email: kbarrett@barrettmatura.com
       jbahling@barrettmatura.com

*Attorneys for Plaintiff Auto-Owners Insurance Company*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Auto-Owners Insurance Company, a foreign company, | Case No. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF** |
| v. | |
| 12 University, LLC, James Diller and Sheila Diller, husband and wife, and Greg Goodman, | |
| Defendants. | |

Plaintiff Auto-Owners Insurance Company ("Auto-Owners"), through its counsel undersigned and for its Complaint for Declaratory Relief, hereby alleges as follows:

1. Defendant Auto-Owners is a foreign insurance company, incorporated in the State of Michigan and doing business in the State of Arizona. Auto-Owners' principal place of business and citizenship is in the State of Michigan.

2. Upon information and belief, Defendant 12 University, LLC ("12 University") is an Arizona limited liability company doing business in the State of Arizona. 12 University's state of citizenship is Arizona.

3. Upon information and belief, Defendants James and Sheila Diller are husband and wife and residents of the State of Arizona. The Dillers' state of citizenship is Arizona.

4. Mr. Diller is the managing member of 12 University.

5. Upon information and belief, Defendant Greg Goodman ("Goodman") is a resident of Pima County, Arizona. Goodman's state of citizenship is Arizona.

6. This court has jurisdiction under 28 U.S.C. § 1332. Venue in this judicial district is appropriate pursuant to 28 U.S.C. § 1391 (a). There is diversity among the parties and the amount in controversy with regard to the underlying dispute is in excess of $75,000.

7. This action for declaratory relief arises from certain claims asserted in the lawsuit captioned *Goodman v. 12 University, LLC et al.,* pending in the Superior Court of Arizona, Pima County, cause number C20163644 ("the underlying lawsuit") and various matters related to the underlying lawsuit.

8. Goodman and 12 University own adjacent properties. In the underlying lawsuit, Goodman asserted that 12 University and the Dillers failed and/or refused to comply with a License Agreement allowing Goodman access to perform maintenance to a portion of his property. Goodman further alleged that 12 University and the Dillers failed and/or refused to comply with the arbitration provision of the License Agreement. Goodman has brought claims of declaratory judgment, breach of contract, breach of implied covenant of good faith and fair dealing and trespass against 12 University and the Dillers and seeks declaratory relief, attorney fees and damages.

9. Auto-Owners issued a Dwelling Policy to 12 University, LLC, policy number 44-780-732-01 ("the policy"). The policy provides Landlord Liability Coverage, subject to the terms and conditions of the policy.

10. The policy includes the following provisions:

**COVERAGE F – LANDLORD LIABILITY**
1. **We** will pay all sums any **insured** becomes legally obligated to pay as damages because of or arising out of **bodily injury** or **property damage**:
   a. Arising out of the ownership, maintenance or use of the **described premises** as a rental dwelling; and
   b. Caused by an **occurrence** to which this coverage applies.

* * *

**We** will settle or defend, as **we** consider appropriate, any claim or **suit** for damages covered by this endorsement. **We** will do this at **our** expense, using attorneys of **our** choice.

* * *

**LANDLORD LIABILITY**
In the event of **bodily injury, property damage** or **personal injury** the **insured** must:

* * *

   **3.**   cooperate with **us** and assist **us** in any matter relating to a claim or **suit.**

11.    Auto-Owners agreed to defend 12 University and the Dillers in the underlying lawsuit under a reservation of rights.

12.    Auto-Owners has appointed multiple defense counsel for 12 University and the Dillers in the underlying lawsuit. Every attorney appointed by Auto-Owners has either declined the representation or has accepted it and later moved to withdraw as counsel. The Dillers have objected to and contested each withdrawal.

13.    Because of the difficulty Auto-Owners had finding and retaining defense counsel, Auto-Owners agreed to allow 12 University and the Dillers to select their own counsel for Auto-Owners to appoint as defense counsel at Auto-Owners' expense. 12 University and the Dillers located multiple attorneys that Auto-Owners agreed to appoint as defense counsel. Each attorney identified by 12 University and the Dillers has either declined the representation or accepted it and later moved to withdraw as counsel. The Dillers have objected to and contested each withdrawal.

14.    During the pendency of the underlying lawsuit, the Dillers made many complaints to Auto-Owners about appointed defense counsel, including but not limited to perceived conflicts of interest, unethical behavior, violation of the Rules of Professional Conduct, failure to properly communicate with them, failure to properly defend the case, and working to advance Auto-Owners' interests and against their interests. Auto-Owners has been unable to substantiate any of these claims.

15.    During the pendency of the underlying suit, the Dillers have also actually or threatened to file bar complaints against any attorney involved in the case, file criminal complaints with various state and federal law enforcement agencies, and file complaints against the judges overseeing the matters involving the Dillers.

16. Despite all this, Auto-Owners has continued its efforts to contact and retain counsel to defend 12 University and the Dillers in the underlying lawsuit. Auto-Owners has further maintained its agreement to allow 12 University and the Dillers to retain counsel of its own choice at Auto-Owners' expense. All such efforts have been unsuccessful to date.

17. Upon information and belief, the inability to find or keep counsel to represent 12 University and the Dillers is the direct result of the actions of 12 University and the Dillers, including but not limited to the making of unreasonable demands, their actions and behavior toward counsel, the lack of cooperation with counsel, and continual conflicts of interest created by 12 University and the Dillers.

18. Upon information and belief, the actions of 12 University and the Dillers have made it impossible for Auto-Owners to perform its obligation to defend the underlying lawsuit.

19. Upon information and belief, the actions of 12 University and the Dillers have caused prejudice to Auto-Owners, including but not limited to the costs of repeatedly retaining new counsel, the negative impact on the merits of the defense due to repeatedly changing counsel, the insureds' lack of cooperation with appointed counsel in the defense of the case, the inability of Auto-Owners to provide a defense to its insureds, and the risks of exposure under the policy from a judgment against its insureds.

**First Claim for Declaratory Relief**

**(Duty to Defend)**

20. Auto-Owners hereby incorporates the above paragraphs and allegations as if fully set forth herein.

21. The policy obligates Auto-Owners to defend the insured against any suit covered by the policy. The policy allows Auto-Owners to defend the insured with attorneys of its own choice and at its own expense.

22. The policy further obligates the insured to cooperate with Auto-Owners in all matters related to the suit.

4

23. 12 University and the Dillers have repeatedly and continually created conflicts with counsel appointed or approved by Auto-Owners. The actions of 12 University and the Dillers amount to a failure to cooperate with respect to the defense of the underlying lawsuit.

24. By continually creating conflicts with counsel, forcing multiple counsel to withdraw from the defense, and/or creating a situation where Auto-Owners cannot find or retain an attorney who will represent the insured, 12 University and the Dillers have made it impossible for Auto-Owners to fulfill its obligation to defend the insured in the underlying lawsuit.

25. By continually creating conflicts with counsel and creating a situation where Auto-Owners cannot find or retain an attorney who will represent the insured, Auto-Owners has been prejudiced due to its inability to defend the claims against the insured and the inability to protect itself from the exposure of a judgment that may be covered under the policy.

26. As a result of 12 University and the Dillers breach of their cooperation oblations under the policy, Auto-Owners has no further duty to defend 12 University and Diller in the underlying lawsuit.

27. For these and other reasons, and due to a dispute as to whether Auto-Owners has a duty to further defend 12 University and the Dillers in the underlying lawsuit, an actual controversy now exists between the parties herein.

28. Auto-Owners therefore seeks a judicial determination of its rights and obligations under the policy with respect to its duty to defend 12 University and the Dillers in the underlying lawsuit. Such a judicial determination is necessary and appropriate so that Auto-Owners may ascertain its rights and obligations under the terms its policy.

**Second Claim for Declaratory Relief**

**(Duty to Indemnify)**

29. Auto-Owners hereby incorporates the above paragraphs and allegations as if fully set forth herein.

30. The policy obligates Auto-Owners to defend the insured against any suit covered by the policy. The policy allows Auto-Owners to defend the insured with attorneys of its own choice and at its own expense.

31. The policy further obligates the insured to cooperate with Auto-Owners in all matters related to the suit.

32. By continually creating conflicts with counsel and creating a situation where Auto-Owners cannot find or retain an attorney who will represent the insured, 12 University and the Dillers have failed to cooperate with respect to the defense of the underlying lawsuit.

33. By continually creating conflicts with counsel and creating a situation where Auto-Owners cannot find or retain an attorney who will represent the insured, 12 University and the Dillers have made it impossible for Auto-Owners to fulfill its obligation to defend the insured in the underlying lawsuit.

34. By continually creating conflicts with counsel and creating a situation where Auto-Owners cannot find or retain an attorney who will represent the insured, Auto-Owners has been prejudiced due to its inability to defend the claims against the insured and the inability to protect itself from the exposure of a judgment that may be covered under the policy.

35. As a result of the actions of the insured and the breach of the obligation to cooperate, Auto-Owners has no duty to indemnify 12 University and the Dillers for any judgment that may be entered against them in the underlying lawsuit.

36. For these and other reasons, and due to a dispute as to whether Auto-Owners has a duty to indemnify 12 University and the Dillers in the underlying lawsuit, an actual controversy now exists between the parties herein.

37. Auto-Owners therefore seeks a judicial determination of its rights and obligations under the policy with respect to its duty to indemnify 12 University and the Dillers in the underlying lawsuit. Such a judicial determination is necessary and appropriate so that Auto-Owners may ascertain its rights and obligations under the terms its policy.

**Third Claim for Declaratory Relief**

**(Coverage)**

38. Auto-Owners hereby incorporates the above paragraphs and allegations as if fully set forth herein.

39. The policy obligates Auto-Owners to defend the insured against any suit covered by the policy. The policy allows Auto-Owners to defend the insured with attorneys of its own choice and at its own expense.

40. The policy further obligates the insured to cooperate with Auto-Owners in all matters related to the suit.

41. By continually creating conflicts with counsel and creating a situation where Auto-Owners cannot find or retain an attorney who will represent the insured, 12 University and the Dillers have failed to cooperate with respect to the defense of the underlying lawsuit.

42. By continually creating conflicts with counsel and creating a situation where Auto-Owners cannot find or retain an attorney who will represent the insured, 12 University and the Dillers have made it impossible for Auto-Owners to fulfill its obligation to defend the insured in the underlying lawsuit.

43. By continually creating conflicts with counsel and creating a situation where Auto-Owners cannot find or retain an attorney who will represent the insured, Auto-Owners has been prejudiced due to its inability to defend the claims against the insured and the inability to protect itself from the exposure of a judgment that may be covered under the policy.

44. As a result of the actions of the insured and the breach of the obligation to cooperate, there is no coverage under the policy for any claims against 12 University and the Dillers in the underlying lawsuit.

45. For these and other reasons, and due to a dispute as to whether there is any coverage under the policy for any claims against 12 University and the Dillers in the underlying lawsuit, an actual controversy now exists between the parties herein.

46. Auto-Owners therefore seeks a judicial determination of its rights and obligations under the policy with respect to coverage under the policy for any claims against 12 University and the Dillers in the underlying lawsuit. Such a judicial determination is necessary and appropriate so that Auto-Owners may ascertain its rights and obligations under the terms its policy.

WHEREFORE, Auto-Owners brings this Complaint for Declaratory Relief against Defendants and prays for judgment as follows:

1. For a judicial determination that Auto-Owners has no obligation to further defend 12 University and the Dillers in the underlying lawsuit;

2. For a judicial determination that Auto-Owners has no obligation to indemnify any of the parties for any judgment or settlement reached in the underlying lawsuit;

3. For a judicial determination that the Auto-Owners policy provides no coverage for the claims asserted in the underlying lawsuit;

4. For reasonable attorneys' fees incurred herein, under A.R.S. 12-341.01 or otherwise;

5. For Auto-Owners' costs incurred herein; and

6. For any other and further relief as this Court may deem just and proper.

DATED this 5th day of October 2018.

BARRETT & MATURA, P.C.

By /s/ Kevin C. Barrett
Kevin C. Barrett
Jennifer M. Bahling
8925 E. Pima Center Pkwy., Suite 100
Scottsdale, AZ 85258
*Attorneys for Plaintiff Auto-Owners Mutual Insurance Company*