Philip J. Nathanson (Arizona State Bar #013624)
**THE NATHANSON LAW FIRM**
8326 E. Hartford Dr., Suite 101
Scottsdale, AZ 85255
Phone Number: (480) 419-2578
philipj@nathansonlawfirm.com

*Attorneys for Defendants/Counterclaimants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY,<br><br>Plaintiff/Counter-Defendant,<br><br>vs.<br><br>12 UNIVERSITY LLC, *et al,*<br><br>Defendants/Counterclaimants. | Case No.: 4:18-CV-00497-CKJ<br><br>**JAMES L. DILLER SUPPLEMENTAL DECLARATION IN SUPPORT OF:**<br><br>**DEFENDANTS' MOTION FOR A PRELIMINARY MANDATOY INJUNCTION AND REQUEST TO COMPEL PLAINTIFF TO PAY FOR, OR COMMIT TO PAY FOR, A SUPERSEDEAS BOND IN THE SUPERIOR COURT CASE.**<br><br>**Assigned to Hon. Cindy K. Jorgenson** |

JAMES L. DILLER hereby declares, under penalty of perjury, that:

1. I am one of the Defendants in both this case and in the underlying litigation *Goodman v. 12 University, LLC et al* (case No. C20163644), pending in the Superior Court of Pima County ("Underlying case").

1

2. I have read and reviewed the above and foregoing Motion and I believe, to the best of my knowledge, information and belief, that the facts set forth in that motion are correct.

3. I do not have liquid assets or cash to post as a supersedeas bond to prevent enforcement of the judgment pending appeal entered in the Underlying case. Nor can I obtain an additional mortgage on the building due to the fact that my wife and I had an approximate net income between $20,000 to $30,000 for the last three tax years of 2016, 2017 and 2018, and we anticipate a loss for 2019, as more fully set forth below.

4. We tried to get loans through Aim Loans. We started this process back on August of 2019. No bank will loan us money. We have maxed out our available credit limit under the Fannie Mae/Freddy Mac guidelines that ALL BANKS must use: Maximum debt-to-income ratio (DTI) of 50%.

5. In 2019, we were rejected by the bank because our debt-to-income ratio (DTI) was of 63% which exceeded the Fannie Mae/Freddy Mac guidelines that only allow a maximum debt-to-income ratio (DTI) of 50%. (Our 2016-2018 average income was $24,979.00, our annual debt was $15,799.32, which makes our debt-to-income ratio 63% ($15,799.32/$24,979.00)). (Our 2016-2019 average LOSS will be $1,263.50, our annual debt will $15,799.32, which makes our debt-to-income ratio 1,579,932% ($15,799.32/-$0)). We do not qualify for any loans.

6. I own three buildings (2-4plex, 1-3plex = 11 apartments) through various LLCs, which buildings generate that modest income for my wife and I. That income is nowhere near enough to pay for a supersedeas bond.

7. If the Superior Court requires Defendants in the Underlying Case to post a supersedeas bond, whether it is $200,000 or over $500,000, Defendants would be unable to do so and then be subject to immediate execution on the judgment by the Plaintiff in that Underlying Case. Because Defendants own real

estate, the execution on the judgment will likely result in Defendants' loss of all of their property, which property is Defendants' sole means of earning a livelihood. This will result in irreversible and irreparable harm. We do not have any other income. We have no savings. We have no retirement accounts, pension funds, 401(k)s, no stocks, no bonds, etc. These three buildings were meant to provide all our current income and future retirement income for the rest of our lives.

8. My right hand is partially paralyzed. In 2018, Dr. George Novalis diagnosed me with central serous chorioretinopathy which is a form of macular degeneration that is causing me to go blind. We have no Life or Medical Insurance.

9. I have attached true and accurate copies of the mortgage and title documents showing the only debt on the property is $18.075.43, and there is no other debt on the building, except for the $3,590.00 in Security Deposits owed to the tenants.

10. My attorneys obtained the attached email quote from a surety underwriter regarding the cost of a supersedeas bond. The surety company made it clear that they would not accept an apartment or commercial building as collateral for the issuance of such a bond.

I swear under penalty of perjury that the allegations and statements made in the above and foregoing Motion, and that the statements contained in this Declaration, are true to the best of my knowledge, information and belief.

DATED this 25th day of February, 2020.

FURTHER DECLARANT SAITH NOT.

_____
JAMES L. DILLER

3