# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Auto-Owners Insurance Company, | No. CV-18-00497-TUC-CKJ |
| Plaintiff, | **ORDER** |
| v. | |
| 12 University LLC, et al., | |
| Defendants. | |

On June 3, 2021, counsel for Defendants James Diller and Sheila Diller filed a Motion to Withdraw Without Client Consent and Request for Further Stay. (Doc. 90) The motion requests that counsel be permitted to withdraw from the case, as the Arizona Rules of Professional Conduct allow withdrawal if "the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement." *Id*. at 1; Ariz. R. Prof'l Conduct 1.16(a)(4). As of the date of this Order, neither counsel for Plaintiff nor counsel for Co-Defendant have filed an objection to the request. Counsel for the Dillers also requests that the Court continue the stay of all proceedings to allow the Dillers the opportunity to secure substitute counsel. (Doc. 90 at 2)

The Local Rules of this District provide:

> **b) Withdrawal and Substitution.** With the exception of a change of counsel within the same law firm or governmental law office, no attorney shall be permitted to withdraw or be substituted as attorney of record in any pending action except by formal written order of the Court, supported by written

application setting forth the reasons therefor together with the name, last known residence and last known telephone number of the client, as follows: . . . .

(2) Where such application does not bear the written approval of the client, it shall be made by motion and shall be served upon the client and all other parties or their attorneys. The motion shall be accompanied by a certificate of the attorney making the motion that (A) the client has been notified in writing of the *status* of the case including the dates and times of any court hearings or trial settings, pending compliance with any existing court orders and the possibility of sanctions, or (B) the client cannot be located or for whatever other reason cannot be notified of the pendency of the motion and the status of the case.

LRCiv 83.3

While the Court is inclined to grant counsel's withdrawal request, it cannot do so without counsel's compliance with Local Rule 83.3(b). Specifically, counsel's motion fails to include the requisite contact information for Defendant Sheila Diller. *See* Doc. 90 at 2. It also fails to include the last known residence of Defendant James Diller. *Id.* Mr. Diller's email address and phone number, alone, are insufficient to serve copies of docket entries to the individual parties via mail (regardless of marital status). If either Defendant wishes to gain electronic notification of case filings, he/she must first seek permission from the Clerk's Office.[1] Additionally, counsel's request to stay the proceeding so that Defendants can obtain substitute counsel is moot. This case remains stayed due to Defendants' pending Chapter 11 bankruptcy petition filed on October 19, 2020. *See* Docs. 85, 86.

---

[1] *See* Elec. Case Filing Admin. Policies and Procs. Manual, section (II)(B)(4) (Oct. 2020), https://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

**IT IS ORDERED:**

1. Counsel's Motion to Withdraw Without Client Consent and Request for Further Stay (Doc. 90) is DENIED WITHOUT PREJUDICE.

2. Counsel's request to continue the stay in this case is DENIED AS MOOT.

3. Should counsel wish to re-file his request, he must comply with LRCiv 83.3(b) for each individual Defendant, regardless of marital status.

4. All pending case management deadlines with the exception of the mandatory 90-day Chapter 11 bankruptcy status updates remain stayed.

Dated this 22nd day of June, 2021.

*(signature)*
Honorable Cindy K. Jorgenson
United States District Judge